LOTTINGER, Judge.
Petitioners (being the heirs of the late James W. Brooke and Mary S. Brooke, except defendant Seth N. Brooke) brought this suit against the latter to set aside two sales, one from James W. Brooke to Seth N. Brooke and the other from Mary S. Brooke to Seth N. Brooke on the ground that they were simulations as no consideration had been paid. The defendant filed pleas of 5, 10, 20 and 30 years prescription which were referred to the merits by the trial judge. Following trial the exceptions were overruled and judgment was rendered against the defendant setting aside the two sales and, further, against the defendant and one of the plaintiffs for the proceeds from a timber sale. The latter have appealed.
The sale from James W. Brooke is dated October 24, 1925, and the sale from Mary S. Brooke is dated October 21, 1935. The latter died on August 1, 1938, and the former on July 17, 1934. One sale was placed of record the day it was executed and the other within several days after its execution. The decedents’ children were aware of their having been passed at the time and apparently were of age. Suit was filed on June 19, 1956.
The evidence discloses that the sale of October 1925 covered Lot 109 of Roseland containing 20 acres for a recited consideration of $400. The defendant, vendee, admits that no consideration was paid at the time of the transfer but according to his testimony, which is not denied, before leaving the family home he was employed on a farm for approximately two months, later returned home for a short *687 time, assisted his parents in operating their farm and subsequently worked at a box factory in Roseland for a period of 22 months and that he deposited with his parents his entire earnings which amounted to the sum of $1,517. He admits however that during the period of his employment he received spending money and the cost of his own clothes out of the proceeds of his own labor. The evidence indicates very strongly in our opinion that on the date of. the questioned sale the parents of the defendant were indebted to the said defendant and that there was a consideration for said sale. There is some evidence in the record about the defendant receiving a check from his mother in the amount of $1,365 but from all the evidence on this point it appears that this took place some time or several years subsequent to the sale. As a matter of fact, one of the plaintiffs testified that the check or draft in said amount was sent defendant in 1931 which was subsequent to the sale. We further gather from this testimony that defendant executed a note and gave same-to his mother. It appears therefore from the record that the sale of 1925 was not a simulation and that there was ample consideration for same. The burden of establishing a simulation rests upon the party attacking the notarial act. We are of the opinion that the Lower Court erred in declaring this particular act a simulation because plaintiffs have failed to establish that a complete restitution had been made by the parents prior to the execution of the first sale.
Now in respect to the sale by Mary S. Brooke, his mother, of Lots 113 and 122 on October 21, 1935, it appears that said property was clearly the separate and paraphernal property of his mother, having been acquired by her by dation en paiement by her husband under date of September 12, 1925. It is noted that said property had previously been sold to the State for nonpayment of taxes for the year 1932 in the sum of $58.82 and that said-sale took place March 3, 1934. • The sale to defendant on October 21, 1935 recites the consideration of $2,000, of which $161.07 was paid in cash and the balance thereof represented by 10 promissory notes varying in amounts maturing over a period of 10 years. The testimony of defendant is that he paid the cash consideration therein stipulated to the Clerk of Court for taxes and court costs. The defendant concedes that no portion of the cash sum was received by the vendor, defendant’s mother. It is highly probable that the odd sum of $161.07 was paid and used to redeem the property and pay back taxes but even assuming for the sake of argument that the vendor received none of the cash consideration, it is our opinion that the execution of the 10 notes was for a valuable consideration and therefore not a simulation. Although all plaintiffs deny any knowledge of the existence of the notes the transaction was duly recorded and a matter of public record. We rule that the two sales are not simulated under the rules established and reviewed by the Supreme Court of the State of Louisiana in the case of Succession of Nelson, 224 La. 731, 70 So.2d 665, 669, which rules are .as follows:
“ ‘A simulated sale of a thing results when parties pass a formal act of sale of the thing, for which no price is given, nor intended to be given.’ * * *
“ ‘ * * * Being an actual and bona fide payment, although perhaps inadequate in amount, it provides protection to the titles involved, from an action to declare them simulated.’ * * *
“ ‘It is the well-settled jurisprudence of this state that when the actual consideration, no matter how inadequate, has been paid by the purchaser in an alleged sale, the transaction is not a simulated sale.’ ”
As stated hereinabove the defendant filed pleas of 5, 10, 20 and 30 years pre *688 scription. The Supreme Court in the case of Succession of Nelson supra disposed of the case which is very much similar to this under LSA-Civil Code, Article 2221, which reads as follows:
“In all cases, in which the action of nullity or of rescission of an agreement, is not limited to a shorter period by [a] particular law, that action may be brought within ten years.”
The foregoing appears to us as decisive of the matter and, consequently, that the plea of ten-year liberative prescription should have been maintained.
The defendant, Seth N. Brooke, by way of reconventional demand had asked that the deed from James W. Brooke to James L. Brooke dated August 9, 1921 be declared a simulation. The Lower Court found and held that the said sale had an adequate consideration and therefore rendered judgment against the said plaintiff in reconvention. On this sale we fail to find where plaintiff in reconvention proved said sale to be without consideration and for that reason must affirm that portion of the judgment of the Lower Court.
Accordingly, it is ordered that that portion of the judgment of the Lower Court declaring that the deed made from James W. Brooke to Seth N. Brooke dated October 24, 1925 and the deed made from Mary S. Brooke to Seth N. Brooke dated October 21, 1935 were simulated is hereby annulled and reversed and that the judgment of the Lower Court awarding judgment in favor of Doris Brooke Merritt and Ruby Brooke McKnight and against James Leroy Brooke and Seth N. Brooke, jointly, in the sum of $1,598.85 with legal interest thereon is likewise hereby annulled and reversed and that plaintiffs’ suit be dismissed at their cost.
Judgment reversed in part and affirmed in part.